123 P.2d 384

### CROSBY v. HELMSTETLER et al.

### No. 4572.

Supreme Court of New Mexico.

Oct. 27, 1941.

Rehearing Denied March 21, 1942.

G. T. Watts, James T. Jennings, and James M. H. Cullender, all of Roswell, for appellant Florence Chumley.

G. L. Reese, Sr., of Roswell, for appellee.

ZINN, Justice.

R. A. Crosby (appellee) sued J. Miles Helmstetler and his wife Hettie, defendants below and appellants here, for specific performance of a written contract calling for sale of 640 acres of land. The contract for the sale of the land to Crosby was made on December 15, 1938, and filed for record on December 21, 1938. On Decem-

ber 19, 1938, Helmstetler and his wife sold the land in question and delivered to Florence Chumley the purchaser, and one of the appellants, a warranty deed to the land which deed was recorded on December 20, 1938. Crosby claims that this deed was a voluntary conveyance without consideration and was made by the Helmstetlers to Florence Chumley in order to defraud Crosby of his interest under his contract with the Helmstetlers.

When Crosby learned of the deed to Florence Chumley he called upon Helmstetler and notified him that he was ready and willing to carry out the terms of his contract, made his tender accordingly and demanded performance. Helmstetler then and there refused.

The major issue in this case revolves around appellee's allegation in the complaint that Florence Chumley had notice and knowledge of the contract and that she was in possession of such facts to put a reasonably prudent person upon inquiry and that she therefore took the property charged with said notice and subject to all the rights of the appellee.

Appellant Florence Chumley, pleading separately from the other defendants, specifically asserted that on December 19, 1938, the date she purchased and acquired title to the land from the Helmstetlers, she did not know of the agreement between Helmstetler and Crosby and that she did not have notice of such contract, and that she bought the Helmstetler lands believing that J. Miles Helmstetler and his wife had title to same free of liens and defects. She prayed for judgment to quiet her title against any claim that Crosby might make by virtue of the Helmstetler-Crosby contract having been placed on record.

Crosby joined as defendants, in addition to those already enumerated, W. H. Chumley, husband of Florence, and J. W. Isler and Oda Isler, seeking judgment against all to quiet his title.

The case was tried without a jury. The court found the issues in favor of Crosby and ordered specific performance of the Helmstetler-Crosby contract and decreed that the deed from Helmstetler and his wife to appellant Florence Chumley be cancelled and set aside. The judgment in effect quieted the title of R. A. Crosby against all the defendants, including W. H. Chumley, J. W. Isler and Oda Isler. Appellants J. W. Isler and W. H. Chumley claimed certain rights in the premises by reason of a range agreement dated September 4, 1937, entered into between J. Miles Helmstetler, W. H. Chumley and J. W. Isler. The rights in such range agreement of the parties were saved by the decree.

Florence Chumley filed a separate appeal on her theory that she was an innocent purchaser for value and without notice. The other defendants joined in an appeal from the judgment, separate from the Chumley appeal on the theory that the Helmstetlers were unable to perform because of the range agreement.

For the sake of convenience, in this opinion, the appeals will be designated as

the Chumley appeal and as the Helmstetler appeal. We shall consider the Chumley appeal first.

The court's findings of fact material to a determination of the issues presented by the Chumley appeal are as follows:

"4. The court finds that on the 19th day of December, 1938, and before the defendants, Helmstetlers, had furnished the plaintiff an abstract of title to said real estate as agreed to in said contract, the said defendants, J. Miles Helmstetler and Hettie Helmstetler, his wife, deeded said property to Florence Chumley, who is the wife of the defendant, W. H. Chumley, and the sister of the defendant, J. Miles Helmstetler, and which said deed is recorded in Book 91 at page 223 of the records of Deeds of said county."

"7. The court finds that the defendant, Florence Chumley, at the time of, and before said deed of conveyance was made to her, had due notice and knowledge of, and was in possession of sufficient facts to put her upon inquiry, said contract between the said R. A. Crosby and the defendants, Helmstetlers."

"13. That the property which was exchanged by Florence Chumley for the land involved herein was her separate estate, but her husband paid $75.00 cash of the consideration."

The facts leading up to the situation resulting in the legal proceedings under consideration, are, that on the 4th day of September, 1937, J. W. Isler, J. Miles Helm-stetler and W. H. Chumley entered into an agreement for the grazing of lands in conjunction with each other wherein it was agreed that they should not offer for sale or sell their interest in the lands described in said agreement without the mutual consent of the other parties thereto. This agreement was filed of record in the office of the county clerk of Chaves county. The property described in the agreement was community property and this range agreement was not signed by the wives of the parties thereto.

Just prior to the 15th day of December, 1938, Crosby approached J. Miles Helmstetler, J. W. Isler and W. H. Chumley, for the purpose of purchasing the holdings of each of these men. At that time an oral agreement was reached for the sale of these lands to Crosby, and it was agreed that the parties would meet on the following Saturday for the purpose of concluding the negotiations.

On the appointed day Crosby met each of the men separately but was unable to complete negotiations with J. W. Isler and W. H. Chumley for the purchase of their holdings but did enter into the written contract with J. Miles Helmstetler and his wife, Hettie Helmstetler, for the purchase of the Helmstetler holdings, which agreement is the foundation of this suit.

Crosby did not advise either Chumley or Isler of the separate sale of the Helmstetler lands. Helmstetler was not present at the negotiations between Crosby and the

other two and did not learn of their existence or outcome until several days later.

After Chumley and Isler went away, and in the afternoon of the same day, Crosby met and talked with Helmstetler, saying "I have seen the boys and am ready to fix it up." He took Helmstetler and his wife to the office of one Lyman Sanders, abstractor, and had the contract calling for the sale of the Helmstetler lands prepared. Helmstetler and his wife signed the contract as prepared. Four days later Helmstetler and wife sold and conveyed to Florence Chumley as her separate estate all the lands in question.

Appellant Florence Chumley contends that the court erred in making its finding No. 7, heretofore set forth in this opinion, because there was no substantial evidence to support the same and that it is contrary to the evidence.

We have read the entire transcript of testimony to ascertain the facts, from which the trial court might reasonably have inferred that appellant Florence Chumley had due notice and knowledge of the contract between Crosby and the Helmstetlers, or that appellant Florence Chumley was in possession of sufficient facts to put her upon inquiry as to the nature of the contract between Crosby and the Helmstetlers. Unless we are prepared to hold, and we are not, that the mere relationship of husband and wife imputes to the one knowledge or notice of facts possessed by the other, there is not an iota of evidence in the record to sustain the trial court's finding No. 7, quoted supra, that the wife had notice.

■ But, it is argued by the appellee, based on the husband's admission on cross-examination that in doing what he did in connection with his wife's purchase he acted for her, knowledge possessed by the husband is imputed to his wife on the theory of actual agency. When we analyze the husband's testimony, however, we find it discloses nothing more than an admission of knowledge by him of an abandoned agreement by the Helmstetlers to sell to Crosby. Furthermore, the husband, Chumley, affirmatively denied knowledge of the existence of a written contract. It was only by a writing that a binding contract to sell real estate could have been made. Accordingly, if all the knowledge or notice admittedly possessed by the husband be imputed to the wife, it does not bring home to her notice of an enforcible contract by the Helmstetlers to sell to Crosby.

■ Appellee also urges that the assignment of error here reviewed is not properly raised and therefore not reviewable because the general exception to the trial court's finding of fact No. 7 is insufficient. Mrs. Chumley did request finding of fact No. 2, which presents the issue contrary to the court's finding of fact No. 7. We believe that such request sufficiently called the attention of the court to Mrs. Chumley's theory of the case, and upon which requested finding of fact she invoked a ruling. Her requested finding of fact raised the same question. That is all that

is required. Par. 2, Rule XX, Supreme Court Rules.

If Mrs. Chumley on appeal had assigned as error the court's refusal to adopt her requested finding of fact instead of attacking the finding of fact made by the court we would have had the same issue and arrived at the same result.

A general exception, such as found in this case, is not sufficient to raise a question for review. In this case, however, Mrs. Chumley invokes a specific ruling by the trial court. We are compelled to rule against appellee on this technical question.

We are then brought to the separate appeal filed by W. H. Chumley, J. W. Isler and his wife Oda Isler, and the Helmstetlers, husband and wife, on the theory that the range agreement entered into between Isler, Chumley and Helmstetler, being of record, was notice to Crosby that he could not purchase the land from Helmstetler without their consent.

The question of the restraining effect of the range agreement as to sale of the property without the consent of the parties to such agreement becomes of no importance. No complaint is made as to the transfer of the property to Florence Chumley by appellants Isler, Helmstetler and W. H. Chumley. They complain only as to the right of the Helmstetlers specifically selling to Crosby.

For the reasons given the judgment will be reversed and the cause remanded with directions to the trial court to enter judgment quieting title in favor of Florence Chumley against the plaintiff Crosby in accordance with the views herein expressed and for costs.

It is so ordered.

BRICE, C. J., and SADLER, MABRY, and BICKLEY, JJ., concur.